[Civ. No. 8985. First Appellate District, Division One.—June 11, 1934.]

ROLLIN S. STURGEON, Appellant, v. THE SECURITY FIRST NATIONAL BANK et al., Respondents.

Rollin S. Sturgeon, *in pro. per.*, for Appellant.

Farrand & Slosson for Respondents.

JAMISON, J., *pro tem.*—The only question involved on this appeal is whether or not the Superior Court of Los Angeles County had jurisdiction of the case. Defendants demurred to the complaint, one of the grounds being that the Superior Court of Los Angeles County had no jurisdiction of the subject of the action. The trial court sustained the demurrer without leave to amend and rendered judgment for defendants. From this judgment plaintiff prosecutes this appeal.

The complaint in this action is voluminous, covering some sixteen pages of the transcript. In substance it alleges: That during the past fifteen years appellant had been a client of respondents which were during that period engaged in a general banking business; that during such

time he had business transactions with respondents in deposits, loans, repayments and other dealings amounting to from $300,000 to $600,000; that his checking and savings accounts for considerable periods of time ran from $5,000 to $15,000; that he placed unlimited reliance and confidence in respondents and in their officers; that in April, 1931, he went to respondents' bond department and informed it that he was going away for some time and desired to invest in Liberty bonds; that respondents at that time induced him to buy $12,000 worth of Los Angeles municipal bonds, and as an inducement to appellant to purchase the said bonds represented to him that in case such bonds depreciated in value they would repay him for any loss thereby sustained; that, relying upon the representations of respondents as to the marketable value of these bonds and that they were a safe investment, and upon the promise of respondents to reimburse him for any loss sustained by him on account of depreciation, he purchased said bonds and $3,000 additional bonds; that said bonds were sold appellant at a price of $100¾ on the face value of $100; that respondents promised if said bonds depreciated more than two per cent they would immediately give notice to appellant of such fact, but the respondents wholly failed to do this; that by reason of long-continued business relations that existed between respondents and appellant, and the trust and confidence he reposed in them, a fiduciary relationship existed between them; that he was finally compelled to sell said bonds at a loss of $2,000, for which sum he asks judgment.

If this case is an action at law, then the Municipal Court of Los Angeles City had sole jurisdiction. Act 5238, section 29, created municipal courts and fixed their jurisdiction (Gen. Laws of California, vol. 2, p. 2925). This act provides that "Municipal courts shall have jurisdiction of civil cases and actions as follows: . . . (a) *All cases at law in which the demand, exclusive of interest,* or where the value of the property in controversy, amounts to two thousand dollars or less. . . . 4. *Each municipal court shall have jurisdiction of all cases in equity,* when pleaded as defensive matter or by way of cross-complaint in any case properly pending in such municipal court." Section 76 of the Code of Civil Procedure provides that "superior

courts shall have original jurisdiction: 1. *In all civil cases and proceedings* except cases and proceedings in which jurisdiction is or shall be given by law to municipal or to justice's or other inferior courts".

It is the well-settled law in this state that where jurisdiction depends on the amount in controversy the *ad damnum* clause of the complaint is the sole test. (*Erving* v. *Napa Valley Brewing Co.*, 17 Cal. App. 367 [119 Pac. 940]; *Henigan* v. *Ervin*, 110 Cal. 37 [42 Pac. 457]; *Rodley* v. *Curry*, 120 Cal. 541 [52 Pac. 999].) In *Flood* v. *Templeton*, 148 Cal. 374, 378 [83 Pac. 148], the court said: "The jurisdiction of a court of equity . . . [depends upon] whether the breach complained of cannot be adequately compensated in damages. If it can, the action has no place in a court of equity, and the plaintiff's remedy is strictly in law. Equity is designed only to supplement the deficiencies of the law."

In the instant case the only relief sought is a compensatory one of damages for the injury alleged to have been suffered by appellant. In *Traffic Truck Sales Co.* v. *Justice's Court*, 192 Cal. 377, 383 [220 Pac. 306], the court said: "If the relief sought is analogous in form to the relief granted in courts of equity, then it is a case in equity within the meaning of the Constitution." In the case now under consideration, the sole relief sought is damages and therefore it is not one coming within the jurisdiction of a court of equity.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.