[Civ. No. 10288. Second Appellate District, Division Two.—August 6, 1935.]

ZIMMER CONSTRUCTION COMPANY (a Corporation), Appellant, v. ESTHER H. WHITE et al., Defendants; W. H. DOUGLASS, Respondent.

Henry O. Wackerbarth for Appellant.

W. H. Douglass, *in pro. per.*, and H. Landon Morris for Respondent.

CRAIL, J.—This is an appeal from a judgment against the plaintiff rendered after the sustaining of a demurrer without leave to amend. The demurrer was interposed to the second amended complaint by the defendant W. H. Douglass.

The allegations of the complaint are sufficient to state a cause of action against the respondent unless it be for the reason that the plaintiff, in setting forth the facts upon which he relies, alleges that the building for the construction of which the parties were contracting was to be built upon a certain piece of real property the title to which was in the name of the respondent as trustee. The contention of the respondent is that since he is merely a trustee of the real property he is not personally liable under the contract. There is no merit in this contention, for two reasons: First, the allegation of the complaint is that "the defendant W. H. Douglass [respondent] acting on behalf of himself" entered

into the contract; and second, even if the respondent had signed a contract "as trustee" still he would be liable individually unless he had stipulated that he was not to be personally responsible. This is the rule as between the trustee and third persons even where the terms of the trust agreement exempt the trustee from personal liability. (*Goldwater* v. *Oltman,* 210 Cal. 408 [292 Pac. 624, 71 A. L. R. 871], and cases cited.) In that case the Supreme Court quoted with approval from the case of *Taylor* v. *Davis,* 110 U. S. 330 [4 Sup. Ct. 146, 28 L. Ed. 163], as follows: "A trustee is not an agent. An agent represents and acts for his principal. . . . When an agent contracts in the name of his principal, the principal contracts and is bound, but the agent is not. When a trustee contracts as such, unless he is bound no one is bound, for he has no principal. The trust estate cannot promise; the contract is therefore the personal undertaking of the trustee. . . . He is personally bound by the contracts he makes as trustee, even when designating himself as such. . . . If a trustee contracting for the benefit of the trust wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate." For a recent expression of this court to the same effect see *Andrews* v. *Horton, ante,* p. 40 [47 Pac. (2d) 496]. We are mindful of the case of *Charles Nelson Co.* v. *Morton,* 106 Cal. App. 144 [288 Pac. 845], but that was an action in which the defendant had signed a negotiable instrument as trustee, and that decision should be differentiated from the other decisions because of certain sections of the code, following the uniform negotiable instruments law, which restrict the liability upon negotiable instruments to the person who signs the same and the capacity in which it is signed.

The demurrer upon which respondent relies was both general and special. It is likewise true that there is no merit in any of the grounds set forth in the special demurrer and the special demurrer should have been overruled. Even if there had been merit in the special demurrer it would have been error under the circumstances of this case to sustain the demurrer without leave to amend. (*Schaake* v. *Eagle Automatic Can Co.,* 135 Cal. 472 [63 Pac. 1025, 67 Pac. 759].)

Since the judgment of the trial court is to be reversed, there remain to be answered certain contentions of the respondent. ■ He first contends that the appeal should be dismissed because of the failure of the appellant to set forth in the briefs the judgment appealed from. The appellant has substantially complied with the rules of the court in this regard.

■ The respondent next contends that an appeal will not lie from an order sustaining a demurrer without leave to amend where no request was made for leave to amend. To sustain this contention respondent relies upon *Martinsen* v. *Ford Motor Co.,* 140 Cal. App. 734 [35 Pac. (2d) 1034], and *Brown* v. *Butler,* 3 Cal. App. (2d) 11 [39 Pac. (2d) 244]. From the first of said cases he quotes the following: "An order sustaining a demurrer without leave to amend is not appealable." Certainly the appeal must be from a judgment; and in the instant case the appeal was from a judgment. The second of said cases was one in which the plaintiff elected to stand upon the complaint just as filed. But the respondent herein relies upon the following quotation found therein: "Under such circumstances this court cannot order a reversal *simply* because the demurrer was sustained without leave to amend." It would be quite different, however, if, as in the instant case, the plaintiff was given no opportunity to make such an election and if also there was no merit in the demurrer.

■ The respondent next contends that there is a misjoinder of parties where a known principal is joined with his alleged agent in a single cause of action. While it is true the respondent is alleged to be the agent of the other two defendants, yet he is not joined as a defendant because of such relationship, but because he is alleged to have entered into the contract also on his own behalf, and all three of the parties are made defendants as principals to the contract.

■ The respondent next contends that a conditional offer by letter and a conditional acceptance by letter does not constitute a contract if the conditions have not been complied with. It is a sufficient answer to this contention to say that the "letters" are not pleaded in the complaint and nowhere appear in the record. If the defendant has such letters he should use them as a part of his defense.

Respondent next asks the following question: "Can an individual trustee employ himself individually as an agent for himself as trustee?" This is a puzzling question and possibly an interesting one. Respondent contends its solution is an answer in the negative, but as it has no relation to the facts before us we shall not take time to discuss it.

The respondent next asks: "In order to hold the trustee individually for acts as trustee, must the complaint state that under the terms of the trust the individual is responsible?" It is not necessary for the complaint to so state.

Judgment reversed.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 30, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 4, 1935.