[Civ. No. 10473. Second Appellate District, Division Two.—November 4, 1935.]

JOHN S. McCUNE, Respondent, v. W. O. HARRIS et al., Appellants.

720

John J. Ford, Frank M. Benedict and Ford, Benedict & Ford for Appellants.

Halverson & Halverson for Respondent.

GOULD, J., *pro tem.*—This action arises out of a promissory note in the principal sum of $2,300, executed by the eight defendants herein in favor of plaintiff. Collateral was pledged as security for the payment of the obligation, and the note contained appropriate recitals regarding the sale of such collateral in case of default, together with the application of the proceeds, except for the following significant alteration in the printed form of the note: The clauses "returning the overplus to the undersigned. And the undersigned agrees to pay the holder hereof any deficiency upon demand" were crossed out by means of a typewriter and there were added to the original printed form the words "any overplus to be retained by John S. McCune, or assigns". The complaint recited that there had been default in the payment of the note and that the collateral had been sold for $510, which sum had been duly applied upon the obligation, leaving a balance

of $1857.05 principal, together with $230 attorney's fees and interest due, owing and unpaid.

Defendants' demurrer upon the ground of uncertainty, ambiguity and unintelligibility, in that it could not be ascertained as to what items the sum of $510 was applied, was overruled. Defendants then answered and also filed a lengthy cross-complaint in three causes of action, alleging in substance that the note sued upon imperfectly expressed the agreement of the parties and that there was a mutual mistake of all the parties in that the note did not embody the entire agreement of the signatories, which was alleged in effect to be that under no circumstances was the payee or holder of said note ever to be entitled to any deficiency against the makers after the sale of the collateral. Prayer of the cross-complaint was for reformation of the contract to show this alleged true intent of the parties. Demurrer to the cross-complaint was sustained without leave to amend. Trial therefore proceeded upon the promissory note alone and without reference to the plea for reformation, and the trial court gave judgment for plaintiff and against all defendants. Appeal is made upon a double basis: First, that the court erred in sustaining the demurrer to the cross-complaint without leave to amend, and second, that judgment should in any event have been for defendants.

■ In our opinion the court erred in sustaining the demurrer to the cross-complaint without leave to amend. The demurrer was both general and special. It was attempted by cross-complaint to tie up the promissory note herein with a complicated deal between the parties, part of the same general negotiation, and it was claimed that had their true intent been properly expressed the contract under review here would have explicitly provided that the makers of the note were not to be held liable for any deficiency whatsoever. Civil Code section 3399 provides for revision of contracts under limited situations therein set forth, and we are of the opinion that measured by the standards set out in *California Trust Co.* v. *Cohn,* 214 Cal. 619 [7 Pac. (2d) 297], the cross-complaint herein properly set forth a good cause of action relating to the same "transactions" and correctly pleaded facts to invoke equitable cognizance. ■ This being true, the cross-complaint was good against general demurrer and it was an abuse of discretion under the circumstances of this

case to sustain the demurrer without leave to amend, even if there was merit in the special demurrer. (*Zimmer Const. Co.* v. *White,* 8 Cal. App. (2d) 672 [47 Pac. (2d) 1087]; *Schaake* v. *Eagle etc. Co.,* 135 Cal. 472 [63 Pac. 1025, 67 Pac. 759]; 21 Cal. Jur. 120, notes 5 and 6, and cases cited.) As to the special demurrer, we feel that the cross-complaint might well state with more particularity the details of the transaction of the parties and the mistake claimed as a basis for reformation of the contract. The proper ruling on demurrer in our opinion would have been to sustain the same with permission given to cross-complainants to amend.

While the case must be returned for further proceedings in compliance with the foregoing, it is proper also that appellants' second point be considered and ruled upon, for the reason that such ruling would become pertinent if upon a retrial reformation were denied. Appellants claim that the action of the parties in eliminating from the printed note form the words ''and the undersigned agrees to pay the holder hereof any deficiency upon demand'' is tantamount to the insertion in the note of a provision that the signers would not be required to pay any deficiency—that the act of crossing out the deficiency clause of itself relieves defendants of any deficiency obligation. To hold that the erasure in the instant case ended the liability for deficiency would necessitate giving no effect whatsoever to many of the other clauses of the note, including the promise to pay the entire amount, the promise to pay interest, the promise to pay attorney's fees if placed with an attorney for collection, the promise to deposit additional security if demanded and numerous other solemn covenants. These positive obligations cannot be ignored, and we think the court at the trial, in construing the terms of the promissory note as presented, correctly held that appellants were liable for the deficiency under the terms of the instrument as it then stood. Of course, if reformation of the note is allowed, upon a retrial this same point may not be presented.

Appellants also object that their demurrer to the original complaint for uncertainty was overruled, arguing that the court is entitled to a more specific statement of the sums making up the total of $2,087.05 sued for, to determine whether or not it had jurisdiction to entertain the action. The demurrer was properly overruled. By any computation

as to the elements comprising the total, the amount prayed for was in excess of the superior court's jurisdictional minimum. The *ad damnum* clause test as to jurisdiction (*Sturgeon* v. *Security First Nat. Bank*, 139 Cal. App. 197 [33 Pac. (2d) 874]) is also fully met.

The judgment is reversed, with directions to the court below to sustain the demurrer to the cross-complaint with leave granted to cross-complainants to amend.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 3, 1935.