[Civ. No. 10755. First Appellate District, Division Two.—March 21, 1938.]

JOHN De MATTOS, Appellant, v. J. C. McGOVERN, Administrator, etc., et al., Respondents.

Russell P. Tyler for Appellant.

C. B. Wooster, Ross & Ross and A. H. McGovern for Respondents.

NOURSE, P. J.—The plaintiff by this action sought to invoke the equitable jurisdiction of the trial court by praying a specific performance of an alleged oral contract wherein James Frazer, now deceased, promised to bequeath to plaintiff in his will one-third of his estate in compensation for services rendered, and to be rendered, to him by the plaintiff as an employee. It is also alleged that at some time during the employment, the deceased informed plaintiff that he had actually executed a will in accordance with the foregoing promise. A demurrer to the complaint was sustained without leave to amend, and plaintiff has appealed from the judgment which followed that order.

The complaint alleges that James Frazer died on September 10, 1934, leaving an estate in excess of the sum of $485,000. For many years next immediately preceding his death, the deceased had been engaged in the ownership and control of

a mercantile business in the city of Palo Alto, this state, and plaintiff was actively employed by the deceased in the conduct of that business. It is alleged that for the purpose of inducing plaintiff to continue in his said employment, the deceased promised him that he would bequeath to him by will an amount equal to one-third of all his property, and that he had actually executed a will to that purpose. It is alleged that the compensation paid to the plaintiff for his services was grossly inadequate, and that he remained in the employ of the deceased because of and in reliance upon said promise and representation above noted. Allegations followed covering the proceeding in probate, the appointment of an administrator, the absence of a will, the appearance of all those claiming as heirs at law of the deceased, and the proceedings seeking distribution of the entire estate to those claiming heirship. Upon these allegations the plaintiff joined as parties defendant, the administrator and all those claiming heirship, and prayed that the court determine that he was entitled to distribution of one-third of the estate, that a trust be impressed upon the property of the deceased to that extent, and for general equitable relief. It is not alleged that plaintiff filed a claim against the estate at any time.

On this appeal appellant states as questions involved: whether an executed oral agreement to will a certain portion of an estate is enforceable in equity notwithstanding the provisions of section 1624 of the Civil Code and section 1973 of the Code of Civil Procedure; whether the complaint in the instant case states facts sufficient to confer upon the court jurisdiction to grant equitable relief by way of specific performance of the agreement pleaded; and whether in such a proceeding it is a necessary prerequisite that a claim be filed against an estate within the time required by law. The first and second questions are answered in the negative with the observation that we disregard the word "executed" added to the first question because of the settled rule that this proceeding does not involve an "executed" oral agreement. The third question is answered in the affirmative upon the authority of *Morrison* v. *Land*, 169 Cal. 580, 585 [147 Pac. 259].

The main difference between this case and those which have gone before is that the appellant herein insists that notwithstanding his failure to pursue the regular remedy which the law has given him, he should be permitted to invoke the

equity jurisdiction to give him the relief which the law denies. On the theory that because he continued in the employment of the deceased in reliance upon the alleged agreement that agreement was partly executed he argues that the case is taken out of the statute of frauds. The premise is not sound. The services were rendered under a separate contract of employment. ██ The same is to be said about the representation that a will had already been made in accordance with such an agreement. The execution of the will is not part performance of the alleged contract. (*Notten* v. *Mensing,* 3 Cal. (2d) 469, 474 [45 Pac. (2d) 198].) The right to revoke a will lies with the testator until the time of his death and unless limited by an agreement in writing, equity cannot intervene. (*Notten* v. *Mensing, supra,* p. 473.)

The case is controlled by these settled principles: ██ Under section 1624 of the Civil Code and section 1973 of the Code of Civil Procedure an agreement to make a will, or to leave property by deed or will is invalid unless in writing. An agreement not to revoke a will already made is, in effect, the same as an agreement to make a will and must also be in writing. (*Cazaurang* v. *Carrey,* 117 Cal. App. 511, 517 [4 Pac. (2d) 259]; *Notten* v. *Mensing,* 3 Cal. (2d) 469, 473 [45 Pac. (2d) 198]..)

██ An oral agreement to make a will or to leave property by deed in compensation for services rendered, or to be rendered, is not enforceable as such. The remedy is one in *quantum meruit* for the value of the services rendered. (*Zellner* v. *Wassman,* 184 Cal. 80, 84, 87 [193 Pac. 84]; *Morrison* v. *Land, supra,* pp. 586, 590; *Ruble* v. *Richardson,* 188 Cal. 150, 154 [204 Pac. 572]; *Lauritsen* v. *Goldsmith,* 99 Cal. App. 671, 675 [279 Pac. 168]; *Burr* v. *Floyd,* 137 Cal. App. 692, 696 [31 Pac. (2d) 402].)

██ Equity follows the law and, when the law determines the rights of the respective parties, a court of equity is without power to decree relief which the law denies. (10 R. C. L., p. 382; *Magniac* v. *Thomson,* 15 How. 281, 299, 302 [14 L. Ed. 696]; *Federal Land Bank* v. *Wilmarth,* 218 Iowa, 339 [252 N. W. 507, 513, 94 A. L. R. 1338].)

██ Where the law gives a party an adequate remedy by way of an action in damages for breach of contract, or for compensation for the services rendered under it, a court of equity may not grant specific performance of such a contract.

(*Flood* v. *Templeton,* 148 Cal. 374, 378 [83 Pac. 148] ; *Morrison* v. *Land, supra,* p. 586.)

When the contract is *valid* a court of equity may, in lieu of specific performance, impress a trust for the purpose of enforcing the contract. (*Wolf* v. *Donahue,* 206 Cal. 213, 220 [273 Pac. 547] ; *Estate of Rolls,* 193 Cal. 594, 599 [226 Pac. 608] ; *Estate of Rath,* 10 Cal. (2d) 399 [75 Pac. (2d) 509].)

The appellant cites ten cases to the point that, notwithstanding the statutes requiring such contracts to be in writing the courts have "relaxed the rule" to the extent that such oral contracts, though invalid, "may and will be enforced" in equity. Four of the cases cited came before the statutes were enacted; two involved an agreement in writing; the remainder denied relief in equity as well as at law. It is true that in some of these cases, as well as in others which might be cited, the courts have said that "under special circumstances" equity will entertain such cases "upon clear proof of fairness, justness and adequacy". Whether these expressions may be treated as postulates, *dicta,* or discursive colloquialisms, it is difficult to say, but it is significant that, in all these "reservations" of the power, there is no case cited wherein the power was exercised. ■ There is, however, complete harmony in the cases holding to the rule that, where the oral contract to compensate by will was made in consideration of services rendered or to be rendered, the promisee's remedy is one at law to recover the reasonable value of his services. It is equally well settled that before the promisee may maintain an action for that purpose he must file a claim against the estate. (*Morrison* v. *Land, supra,* p. 585.) ■ Finally, no principle is more firmly settled than that equity will not come to the aid of one who, through his own delay and own fault, has lost the remedy which the law has provided.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.