[Civ. No. 12925. First Dist., Div. One. Jan. 21, 1946.]

RAY M. LOPER, Appellant, v. MONTGOMERY FLYNN, as Executor etc., et al., Respondents.

W. I. Follett for Appellant.

Aaron Turner and John Felton Turner for Respondents.

ATTERIDGE, J. pro tem.—This is an appeal from a judgment entered following an order sustaining a special demurrer to a first amended complaint without further leave to amend. It comes up on the judgment roll. No general demurrer was interposed, and the order does not specify the ground upon which the special demurrer was sustained. The first ground of demurrer, to wit, an alleged improper joinder of two causes of action, was not well taken, and defendants have abandoned it on the appeal; the second ground, viz., that the specified cause of action was barred by the statute of frauds, was well taken and meritorious.

The amended complaint was plaintiff's very first attempt to state the cause of action against which defendants' second ground of demurrer was properly leveled,—as his original complaint only stated another and distinct cause of action for the partition of property owned equally by defendants' testatrix and plaintiff as tenants in common. This last-mentioned cause of action is not involved on the appeal, as the above-referred-to judgment and order did not operate on or terminate it.

The cause of action which plaintiff attempted to plead, and against which the second ground of demurrer was directed, was for the specific performance of an oral agreement on the part of defendants' testatrix to devise to him by last will and testament her one-half interest in said real property which

was then owned by both as tenants in common, in consideration of the granting to her by plaintiff, from that time forward and until her death, of all the rents, issues and profits of said property. Plaintiff alleged the full performance of the said agreement on his part and the failure and neglect of defendants' testatrix to perform her said agreement.

Generally, and in the first instance, an agreement of the above-described character is unenforceable because all such agreements are, in the absence of a writing embodying or confirming them, expressly declared to be invalid by the terms of subdivision 6 of section 1973 of the Code of Civil Procedure. It was evidently upon this ground, which was one of two specified grounds of defendants' demurrer, that the trial court sustained the same and entered its judgment terminating the said cause of action.

An inspection of plaintiff's complaint reveals that the trial court was amply justified in sustaining the demurrer on the last-above-specified ground.

It further appears that although the amended complaint sets forth the agreement itself with sufficient particularity and accuracy as to render it invulnerable in those respects, it nevertheless fails to plead sufficient facts as are required in order to entitle plaintiff to the specific performance thereof; and it is especially deficient in failing to plead or show that an adequate consideration passed from plaintiff to defendants' testatrix as would warrant the enforcement of her said promise to him. The complaint, therefore, would not have been good against a general demurrer, had one been interposed. (*Stiles* v. *Cain*, 134 Cal. 170 [66 P. 231]; *Bonney* v. *Petty*, 125 Cal.App. 527, 530 [13 P.2d 969].)

Plaintiff, however, contends that defendants were equitably estopped from asserting the defense of the statute of frauds. But in the court below, as in this, he was under the misapprehension that because the defense of the statute of frauds had been raised by defendants' demurrer he therefore was not obligated or required to plead in his own complaint such sufficient and proper facts as would prima facie tend to show that defendants were equitably estopped from pleading the said defense. His erroneous view in this respect arises out of a misconception of the effect of such cases as *Corporation of America* v. *Harris*, 5 Cal.App.2d 452, 462 [43 P.2d 307]; and *Taylor* v. *Odell*, 50 Cal.App.2d 115, 125

[122 P.2d 919], which hold that an anticipatory pleading of an equitable estoppel against the setting up of the defense of the statute of frauds is not required of a plaintiff where that defense appears for the first time in and through the answer of a defendant. An important distinction is to be noted between those cases and the present one. In the last-above-cited cases it did not appear on the face of the complaints that the causes of action were barred by the statute of frauds, and therefore the respective plaintiffs were not required to assume or anticipate that the defense would be pleaded; while in the present case it is directly and affirmatively alleged in the complaint that the agreement between the parties for the devise of property by last will was oral, and it therefore directly appears that said agreement was invalid and in express violation of subdivision 6 of section 1973 of the Code of Civil Procedure. Under these circumstances, plaintiff, in order to obviate the plainly appearing bar of the statute, was required to sufficiently plead as against defendants the elements of an equitable estoppel, as was successfully done in *Notten* v. *Mensing*, 3 Cal.2d 469 [45 P.2d 198], but which plaintiff here has wholly failed to do.

The distinction pointed out with respect to cases where the bar of the statute of frauds appears in the complaint itself is similarly recognized in section 274 of volume 37 of Corpus Juris Secundum, at pages 798-799.

In order then to state and establish a cause of action for the relief he seeks, it will therefore be necessary for plaintiff to amend his complaint so as to allege sufficient facts as will prima facie entitle him to the specific performance of the agreement, and also such further sufficient facts as will show that defendants are equitably estopped from pleading the statute of frauds. The only consideration passing from him to defendants' testatrix for her promise was money in the form of rentals. In *Trout* v. *Ogilvie*, 41 Cal.App. 167 [182 P. 333], the court was considering, as here, a suit in equity to compel the specific performance of an oral agreement to make a testamentary disposition of property. There it declared (p. 171): "It needs no authority to sustain the universally recognized rule that the payment of money is not such an act of part performance as will take a contract out of the operation of the statute of frauds. The remedy at law for a recovery of the money paid, with interest, is a complete and adequate remedy, and the payment does not work a fraud

upon the party paying if the other party refuses or neglects to perform his part.''

A reversal of the judgment is required, however, for other reasons and upon a different ground. Embraced within the allegations of the complaint, and unreached and unaffected by any of the specifications of the demurrer, is the complete and sufficient statement of another and distinct cause of action. This cause of action has been erroneously and finally terminated by the trial court's order sustaining the demurrer without leave to further amend, and by the judgment entered thereon.

The allegations referred to are substantially as follows: It is alleged that at all times plaintiff and defendants' testatrix owned an undivided one-half interest as tenants in common of the real property that is the subject of the action; that defendants' testatrix, in violation of her promise, conveyed her own one-half interest therein to three named defendants, and that since December 30, 1943 (when the testatrix died), said defendants have collected *all* the rents, issues and profits of said real property and have converted the same to their own use. Wherefore plaintiff prayed: ''5. That said defendants, and each of them, be compelled to account for all rents, issues, and profits collected by them from said real property since December 30, 1943, and that said plaintiff have judgment against said defendants for the amount so collected by them.'' As previously pointed out, no general demurrer was interposed, and there was no demurrer upon the ground that this cause of action was not separately stated. (Code Civ. Proc., § 430, subd. 5.)

It clearly appears, therefore, that plaintiff has in his amended complaint stated a cause of action; and irrespective of the fact that he was also attempting to state another cause of action for the specific performance of the agreement and failed to do so, the court nevertheless erred in finally terminating his action and in barring him from the relief to which his said allegations (taken as true) entitled him. For, in any event, plaintiff, after the death of defendants' testatrix, with her promise to him remaining unfulfilled, at least then reacquired his right to receive his own one-half of the rentals. In *Schaake* v. *Eagle Automatic Can Co.* (1902), 135 Cal. 472, 480 [63 P. 1025, 67 P. 759], it was declared that ''. . . if a complaint states a cause of action, the face of the record would

'show an abuse of discretion' in sustaining a demurrer on any ground without leave to amend.'' Many years subsequent thereto, the Supreme Court, in *Haddad* v. *McDowell* (1931), 213 Cal. 690, 693-694 [3 P.2d 550], ascribed the foregoing language to be *dictum*. In the interval between these decisions the case had been several times cited to the precise effect its language imports by courts other than the Supreme Court. Since the Haddad decision it has again been cited to its original effect in *Zimmer Construction Co.* v. *White,* 8 Cal. App.2d 672, 674 [47 P.2d 1087] ; *McCune* v. *Harris,* 9 Cal. App.2d 719, 722 [50 P.2d 837] ; and *Black* v. *Browne,* 39 Cal. App.2d 606, 607 [103 P.2d 1012] ; although the Haddad decision was of course authoritative and controlling.

It is not necessary, however, to base the reversal of the present judgment upon the authority of *Schaake* v. *Eagle Automatic Can Co., supra,* for, since the rendition of the *Haddad* v. *McDowell* decision and the enactment of section 472c of the Code of Civil Procedure in 1939 (leaving open on appeal the question as to whether or not a trial court has abused its discretion in refusing leave to amend a pleading, even though no such request has been made therefor), the Supreme Court has itself promulgated a rule of decision in this respect which is substantially in accordance with its earlier herein quoted declaration in the Schaake case; and it also in so doing has rejected the Haddad case as applicable to a situation such as here is presented, where a plaintiff has been denied leave to amend after a demurrer has been sustained to a complaint which states a cause of action. (*Wennerholm* v. *Stanford Univ. Sch. of Med.,* 20 Cal.2d 713, 718-720 [128 P.2d 522, 141 A.L.R. 1358].) The rule to which reference has been made is stated in *Wilkerson* v. *Seib,* 20 Cal.2d 556, 564 [127 P.2d 904], as follows: ''. . . where the complaint is not fatally defective in its statement of a cause of action, it is improper to sustain a special demurrer without leave to amend. In such case the plaintiff should be given the opportunity to meet the objections advanced in order that the litigation may be decided upon its merits. [Citing authorities.]''

As the judgment must be reversed for the foregoing stated reasons, plaintiff should also be given an opportunity, if so advised, to amend his complaint so as to permit him (if he can) to state a cause of action for specific performance of the agreement and to plead the requisite elements of an equi-

table estoppel with such sufficiency as to remove the otherwise controlling bar of the statute of frauds. The amended complaint represented, as we have pointed out, his very first effort to state a cause of action for specific performance, and as is declared in *Blakeslee* v. *Wilson*, 190 Cal. 479, at page 484 [213 P. 495]: ". . . it very rarely happens upon an initial attempt to state a cause of action that the court [upon the grounds of uncertainty and unintelligibility] is justified in sustaining a demurrer upon those grounds, without leave to amend. Such action is ordinarily altogether too drastic upon a pleader's first attempt to present his cause." (See, also, to similar effect: *Adkins* v. *San Francisco*, 8 Cal.App.2d 620 [47 P.2d 751]; *Metzger* v. *Vestal*, 76 Cal.App. 409, 418 [244 P. 942]; *Payne* v. *Baehr*, 153 Cal. 441, 447 [95 P. 895].) Moreover, plaintiff was not placed upon inquiry concerning the sufficiency of his complaint in the court below because defendants neglected to file a special demurrer pointing out (on any ground other than the bar of the statute of frauds) to the trial court any of the many deficiencies in the complaint which they have urged us to consider on the appeal —although the efficacy of such a demurrer was plainly indicated. Both the trial court and plaintiff were entitled to have the deficiencies of the complaint pointed out by demurrer, unless it was defendants' intention to waive the same and to treat the complaint as sufficient.

Under the circumstances, it was an abuse of discretion to have sustained the demurrer without leave to amend.

The judgment is reversed, with directions to the trial court to vacate only that part of its order which denied plaintiff leave to amend his complaint, and to accord him leave to amend in all respects.

Peters, P. J., and Ward, J., concurred.