[Civ. No. 3597. Fourth Dist. May 6, 1948.]

LOUISE MURDOCK, Appellant, v. O. P. SWANSON, as Administrator, etc., et al., Respondents.

McFadzean & Crowe, Michael F. Shannon, Thomas A. Wood and Charles W. Wolfe for Appellant.

Gareth W. Houk, Leroy McCormick, Maddox & Abercrombie, James K. Abercrombie and Erling H. Kloster for Respondents.

BARNARD, P. J.—This is an action to recover on a claim based upon an alleged oral contract to make a will. The property left by the deceased was reduced to cash amounting to $50,827.61 and the plaintiff filed an amended claim in the estate for that amount, which was rejected. The plaintiff then brought this "Action to Impress a Trust, Specific Performance and on a Claim." After the filing of a second amended complaint demurrers were sustained without leave to amend as to the first cause of action, and with leave to amend as to the second cause of action. The plaintiff, having refused to amend, has appealed from the judgment which followed.

The appellant's main contention is that her first cause of action is sufficient to show that she is entitled to specific performance of the agreement between herself and the decedent, to impress a trust on the property of the estate, and to establish that the defendants are estopped to raise the statute of frauds.

The decedent died on February 5, 1946. The first cause of action alleges that in September, 1941, the plaintiff and the decedent, who was then 74 years of age, entered into an oral agreement whereby it was agreed that the plaintiff would care for the decedent, render personal services to her and furnish her with certain goods during the remainder of her lifetime; that she would assist her in caring for her property to the extent that might be necessary to preserve the property and prevent its sale; and that, if necessary, she would care for the decedent in her own home or in plaintiff's home to the end that she should not be sent to an institution. It is then alleged that in consideration of all these things the decedent agreed to make and leave at her death a will leaving her ranch and all her other real and personal property to the plaintiff; and that, in making this agreement, both parties understood and agreed that the things to be done by the plaintiff would not be susceptible of pecuniary compensation and that it would be impossible to compensate plaintiff except in the manner agreed upon.

It is then alleged that in September, 1941, the plaintiff commenced to fulfill her part of this agreement; that she made trips from her home to the home of decedent, a distance of many miles, on the average of twice a day; that she performed various personal services for the decedent and worked on her ranch; that she furnished laborers from time to time to construct fences and do other work on the ranch; that she furnished decedent with food, clothing, drugs and medicine and other articles, including a milk cow and other animals for her ranch; that she acted as sole companion to the decedent; and that these various services continued until the decedent died. It is further alleged that until 1945, the plaintiff owned and operated a beauty shop; that in 1945, it became necessary to spend so much time with the decedent that she found it impossible to continue to operate her business; and that in order to comply with her agreement and devote her time to the decedent she then sold her business at a great loss with respect to the good will and future profit; that during the last three years the plaintiff was married and living with her husband several miles from decedent's home; and that her carrying out of this agreement caused her to neglect many of her marital, social and household duties and to remain away from her home and husband for many hours at a time.

It is then alleged that the plaintiff has received no compensation for these services, performed in reliance on the agreement; that because of her reliance upon the agreement she kept no record of the things she did for the decedent and by reason thereof it would be difficult for her to render an exact statement of all her services or of all of the things furnished to the decedent; that the decedent left no will; that the services and things so furnished by her are not susceptible of pecuniary compensation or measurement; that she has so changed her status, mode of living and financial position in reliance on the agreement that it would be impossible to compensate her unless the agreement is specifically enforced; and that the failure of the decedent to make such a will will be a fraud on the plaintiff unless the court impresses a trust on the property of the estate for her benefit.

Oral agreements of this nature are unenforceable. (Civ. Code, § 1624(6); Code Civ. Proc., § 1973(6).) Ordinarily, recovery for personal services rendered under such circumstances must be based upon the theory of *quantum meruit*. (*Long* v. *Rumsey*, 12 Cal.2d 334 [84 P.2d 146].)

No sound reasons appear why similar rules should not apply with respect to the furnishing of any goods, wares or merchandise.

In some cases where some form of fraud sufficiently appears, and where no remedy at law exists, it has been held that equity will intervene and in effect permit a quasi specific performance by impressing a trust upon the property for the benefit of a claimant who would otherwise be defrauded and deprived of any remedy. The appellant contends that this is such a case and relies particularly on *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154]; *Notten* v. *Mensing,* 3 Cal.2d 469 [45 P.2d 198]; *Wilson* v. *Bailey,* 8 Cal.2d 416 [65 P.2d 770]; *Van Fossen* v. *Yager,* 65 Cal.App. 2d 591 [151 P.2d 14]; and *Loper* v. *Flynn,* 72 Cal.App.2d 619 [165 P.2d 256]. In all of these cases except the first the injured party had given up property on an oral agreement that he or his heirs would receive certain things, the defendant or his heirs had received the benefits and then refused to comply, a definite fraud appeared, and no other remedy existed. In the first of these cases, *Seymour* v. *Oelrichs,* an estoppel was based upon an unusual set of circumstances where no other remedy was available. In none of these cases were the equitable rules applied in order to provide a means of payment for personal services, and in none where another remedy existed.

It is well settled that equity will not intervene in such cases involving payment for personal services since the remedy at law is adequate. (*Zaring* v. *Brown,* 41 Cal.App.2d 227 [106 P.2d 224]; *Morrison* v. *Land,* 169 Cal. 580 [147 P. 259]; *DeMattos* v. *McGovern,* 25 Cal.App.2d 429 [77 P.2d 522].) There can be no question that there was also an adequate remedy at law here with respect to any goods or articles furnished to the decedent by the appellant.

There was no such part performance here as would take this case out of the statute of frauds and in effect nullify the clear provisions of the statutes providing that such an oral contract shall not be enforced. (*Loper* v. *Flynn,* 72 Cal.App.2d 619 [165 P.2d 256]; *Stewart* v. *Smith,* 6 Cal.App. 152 [91 P. 667]; *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154]; *Zellner* v. *Wassman,* 184 Cal. 80 [193 P. 84].) In *Zellner* v. *Wassman,* the court said:

"As a general rule, neither the mere omission to put a contract in writing nor such omission coupled with performance is alone sufficient to create an estoppel. 'A plaintiff

. . . must be able to show clearly . . . such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the statute to escape his performance; and also that the plaintiff, in reliance on this representation, proceeded, either in performance or pursuance of his contract, to so far alter his position as to incur ''an unjust and unconscientious injury and loss, in case the defendant is permitted after all to rely upon the statutory defense.'' '' ''

Nor do we think that the allegations, with respect to the appellant's sale of her beauty parlor are sufficient under the circumstances of this case to bring her within the equitable rules upon which she relies. In *Morrison* v. *Land,* 169 Cal. 580 [147 P. 259], it was held that the plaintiff's declination of other offers of employment at greater compensation was not sufficient for this purpose. The allegations of loss here are indefinite, and are to the effect that the appellant sold the beauty parlor merely in order to be in a better position to render the services called for by her agreement with the decedent. There is no allegation in this cause of action that any such thing was requested by the decedent or even known to her. If any loss occurred in this respect this was an element which could have been included in showing the value of the services she rendered, and a remedy at law existed. No such change of position here appears as to make it impossible for plaintiff to obtain compensation for anything she did other than through equitable relief, or upon the constructive trust theory as it has always been applied.

There is no merit in the further contention that the services rendered by the appellant were not susceptible of pecuniary compensation and that, as alleged, this situation was recognized and agreed upon by the parties to the oral agreement. The allegation to that effect is merely a conclusion and the facts alleged clearly show that they were all personal services and articles furnished, and that they are not of so extraordinary or exceptional character ''as in contemplation of law, cannot be compensated for in money.'' (*Morrison* v. *Land,* 169 Cal. 580 [147 P. 259].)

While the appellant asks that primary consideration be given to her contention that the first cause of action sufficiently sets forth grounds for the equitable relief sought, she also asks consideration of a further contention that the statutory requirement that an agreement to make a will be

in writing was waived by the respondents since no special demurrer was filed raising that defense. While the demurrers filed were general in form they set forth on their face the authorities relied upon, including "Code Civ. Proc., Sec. 1973 (6)." This informed the court and the appellant of the fact that this statute was relied upon, the allegations of the first cause of action of the complaint showed that the agreement in question was an oral one, and the matter was sufficiently raised. (*Harper* v. *Goldschmidt,* 156 Cal. 245 [104 P. 451, 134 Am.St.Rep. 124, 28 L.R.A.N.S. 689]; *Bates* v. *Daley's Inc.,* 5 Cal.App.2d 95 [42 P.2d 706]; *Maynes* v. *Angeles Mesa Land Co.,* 10 Cal.2d 587 [76 P.2d 109].) No possible prejudice appears and the allegations as to the first cause of action "are such as to make it reasonably certain that the pleading could not have been amended truthfully so as to make it state a cause of action." (*Morrison* v. *Land,* 169 Cal. 580 [147 P. 259].)

Finally, the appellant now contends that her second cause of action sufficiently pleaded a claim based upon *quantum meruit.* In her opening brief, after describing her first cause of action as one "to impress a trust on the property of the estate and for specific performance of the agreement between appellant and decedent," she states that "the second cause of action in said complaint is an action on the claim filed by appellant, which covers the same matters as the first cause of action." It is then argued that this second cause of action alleges all of the essentials for an action on the claim, including the fact that a verified claim was filed within time and rejected, that it set forth the nature and amount of the claim, and that the claim was attached thereto and made a part thereof. The essentials as thus set forth did not include any statement or contention that the claim as filed or as sued upon contained any reference to the reasonable value of the things furnished. However, in her closing brief the appellant for the first time contends that the second cause of action is on a claim of *quantum meruit,* that it pleads the claim, the amount, that it is reasonable, and that no part has been paid.

■ The second cause of action incorporated therein by reference practically all the allegations of the first cause of action. The portion thus pleaded by reference was properly stricken by the court on motion. It was then alleged that between September, 1941, and February, 1946, the plaintiff

rendered services and furnished goods and money to the decedent for which the decedent agreed to pay at the time of her death the sum of $50,827.61 "and which sum is the reasonable value of said work, labor, services, goods, wares, merchandise and money"; that on August 8, 1946, the plaintiff filed her amended claim in the estate for this sum of $50,827.61; that a copy of this amended claim is attached and by reference made a part of the pleading; that this claim sets forth the agreement between the plaintiff and decedent "as alleged above"; that the claim was rejected; and that "no part of said claim filed by plaintiff has been paid." The prayer is for specific performance of the agreement and that in the event a trust is not impressed on the property plaintiff receive a judgment on her claim for $50,827.61.

The amended claim thus attached, and made the basis of the second cause of action, contains no reference to the reasonable value of the services and goods furnished to the decedent. It consists of a general statement of services and goods furnished to the decedent with a statement that all thereof was rendered and furnished at the request of the decedent for her use and benefit, and upon her promise to pay the claimant by making a will leaving all of her real and personal property to the claimant; that claimant relied and acted upon this promise and at the further request of the decedent sold her business at a great loss to herself in order to devote more time to decedent and her affairs; and "That in view of the promise and agreement of the decedent to make said will, and of the reliance and action of claimant thereon, claim is hereby made for the whole of the estate of said decedent and of the value thereof, said claim being in money the sum of $50,827.61."

 A number of defects appear in this cause of action as alleged. While it alleges that the sum of $50,827.61 is the reasonable value of the things furnished to the decedent this statement is a part of an allegation that the decedent agreed to pay this sum at the time of her death for these services and goods. Not only are the allegations of the first cause of action made a part of this second cause of action but the latter then alleges that a claim had been filed in the estate for the amount named, that this claim sets forth the agreement between the parties as alleged above, and that the claim as thus filed was made a part of this cause of action. It thus appears that this

cause of action was based upon the claim filed and not upon the reasonable value of the things furnished. That the two causes of action cover the same matters is admitted in appellant's opening brief. The claim, as filed and thus made the basis of the second cause of action, made no reference to the reasonable value of the things furnished, and stated that these things were furnished upon the agreement of the decedent to pay the claimant therefor by making a will and leaving all of her property to the claimant, and for that reason claim was made for the entire estate, being the sum of $50,827.61. While it is alleged that the "claim filed" has not been paid, it is not alleged that the reasonable value of the services has not been paid.

It appears that the second cause of action, like the first, was in fact based upon the agreement and upon a claim filed demanding the entire estate because of that agreement, and no real attempt was made to allege a cause of action based upon *quantum meruit*. Moreover, in an action on *quantum meruit* the heirs, who were joined as defendants, were not necessary defendants. Although this was a third attempt to state a cause of action an opportunity to still further amend was given by the court, and appellant refused to so amend. It would appear from the record before us that the appellant did not then desire to rely upon and obtain the reasonable value of the things furnished by her to the decedent, and the first expression of such desire on her part appears in her final brief. It further appears that the claim which was here filed with the administrator was not a claim for the reasonable value of the services and things furnished to the decedent by the appellant, and it set forth no facts from which it could be determined that the making of such a claim was intended. ■ It is well settled that before an action for the reasonable value of such services may be filed and maintained a claim therefor must be filed against the estate. (*DeMattos* v. *McGovern*, 25 Cal.App.2d 429 [77 P.2d 522]; *Zaring* v. *Brown*, 41 Cal.App.2d 227 [106 P.2d 224].) In the existing form of the allegations of the second cause of action the court was justified in sustaining the demurrer thereto, and in requiring a more definite and adequate pleading. ■ The appellant, having refused to amend, is now in no position to rely upon general equitable principles. As was said in *DeMattos* v. *McGovern*, 25 Cal.App.2d 429 [77 P.2d 522]: "Finally, no principle is more firmly settled than that

equity will not come to the aid of one who, through his own delay and own fault, has lost the remedy which the law has provided.''

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied May 26, 1948, and respondents' petition for a hearing by the Supreme Court was denied July 2, 1948. Carter, J., and Spence, J., voted for a hearing.