ERIC THORSON, Plaintiff-Appellant, v. LA SALLE NATIONAL BANK, f/k/a Exchange National Bank of Chicago, as Trustee, Defendant-Appellee.

First District (5th Division)   No. 1—98—0940

Opinion filed March 12, 1999.

Vurdelja & Heaphy, of Chicago (George N. Vurdelja, Jr., and Griswold L. Ware, of counsel), for appellant.

Schwartz, Cooper, Greenberger & Krauss, Chartered, of Chicago (Franklin S. Schwerin and Eric S. Rein, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Eric Thorson obtained a money judgment in California against defendant La Salle National Bank, f/k/a Exchange National Bank of Chicago, as trustee of the Lincoln-Krilich Trust No. 2 (sometimes hereinafter the Trustee). Although plaintiff moved to have the judgment entered against La Salle National Bank (hereinafter the Bank) in its individual capacity, the California court failed to enter such an order. Subsequently, plaintiff registered the California judgment in Illinois and served the Bank in its several capacities with four citations to discover assets, seeking, in relevant part, to recover on the California judgment from the Bank's individual assets. Plaintiff now appeals the trial court's order that granted the Bank's motion to quash plaintiff's citations, finding that, under Illinois law, plaintiff cannot reach the corporate assets of the Bank to satisfy a judgment entered against the Bank as Trustee.

The primary contention raised on appeal by plaintiff is that the substantive law of California would allow recovery from the Bank's individual assets and that Illinois, as the state enforcing the foreign judgment, should apply the substantive law of California, as the rendering state, to permit such recovery. Based on the record in the present case, however, we find that the California court already considered the identical issue now raised by plaintiff and we cannot reconsider the merits here. Accordingly, we affirm the order of the trial court.

On June 20, 1989, plaintiff filed a complaint for breach of contract against "Exchange National Bank of Chicago, an Illinois banking

corporation, as Trustee of the Lincoln-Krilich Trust No. 2 (Trust No. 40441)."[1] In his complaint, plaintiff alleged that on August 28, 1985, plaintiff and the Trustee entered into a contract for the purchase and sale of real estate and escrow instructions. This contract provided for the sale by plaintiff to the Trustee of plaintiff's residence and furniture in Newport Beach, California. The contract for plaintiff's residence was signed by Exchange National Bank as the Trustee. The furniture was covered in an addendum to the contract, which was signed by Exchange National Bank. The addendum provided that the Bank would pay plaintiff $145,000 for the furniture and fixtures located on the property. In his complaint, plaintiff alleged that the Bank never paid the $145,000 for the furniture.

In October 1991, following a trial, the California judge entered a judgment against "Exchange National Bank of Chicago." The Trustee filed a motion requesting that the judgment be amended to name the Bank only in its capacity as trustee, not as an individual. On December 16, 1997, a posttrial hearing was held on this motion, in addition to the Trustee's unsuccessful motion for a new trial. Thereafter, on October 20, 1993, after considering other matters that are not relevant to this appeal, the California court entered the final order, *i.e.,* the fourth amended judgment against "Exchange National Bank of Chicago, an Illinois banking corporation, as Trustee of the Lincoln-Krilich Trust No. 2 (Trust No. 40441)."

On December 17, 1993, plaintiff filed an amended registration of foreign judgment for the October 20, 1993, California fourth amended judgment. The judgment debtor was named as "La Salle National Bank f/k/a Exchange National Bank of Chicago, as Trustee of Lincoln-Krilich Trust No. 2."

In 1997, plaintiff filed four citations to discover assets, seeking to recover the monetary judgment entered in California and registered as a foreign judgment in Illinois. The citations were directed to the Bank (1) in its individual capacity, (2) as a third party in its individual capacity, (3) as a trustee, and (4) as a third party in its trust capacity.

In turn, the Bank filed a motion to quash the four citations to discover assets. The Bank argued that the trust has held no assets since February 1986 and that plaintiff is not entitled to reach assets that belong to the Bank in its individual capacity because the California judgment is solely against the Bank in its capacity as trustee. In response, plaintiff asserted that the matter is governed by California,

---

[1]La Salle National Bank acquired Exchange National Bank sometime between the commencement of the California cause of action and the registration of the California judgment in Illinois.

714

not Illinois, law, and, under California law that was in effect prior to July 1, 1987, the monetary judgment against the Bank as trustee is enforceable against the Bank in its individual capacity.

Following a hearing in November 1997, the trial court took the matter under advisement and later issued its memorandum decision and judgment, granting the Bank's motion to quash. The trial court first found that Illinois law applied and, under Illinois law, a plaintiff cannot reach a bank's assets to satisfy a judgment.

■ Our review of the trial court's order granting the Bank's motion to quash plaintiff's citations to discover assets only involves questions of law and, thus, we apply a *de novo* standard of review. See, *e.g., P.R.S. International, Inc. v. Shred Pax Corp.,* 184 Ill. 2d 224, 234 (1998); *Hamwi v. Zollar,* 299 Ill. App. 3d 1088 (1998) (*de novo* review applied to a question of law involving a foreign judgment).

The crux of plaintiff's position is that, under California common law prior to 1987, a bank's liability as trustee was legally interchangeable with a bank individually. Based on this premise, plaintiff maintains that the California judgment, on its face, makes the Bank individually liable, even though the judgment specifically and only names the judgment debtor to be the Trustee. To reach this result as to liability, plaintiff argues that the state enforcing a foreign judgment (Illinois) must apply the substantive law of the rendering state (California).

■ The federal constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const., art. IV, § 1. "The intended purpose of the full faith and credit clause is 'to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin.' " *Sackett Enterprises, Inc. v. Staren,* 211 Ill. App. 3d 997, 1000-01 (1991), quoting *Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 277, 80 L. Ed. 220, 228, 56 S. Ct. 229, 234 (1935).

■ To implement the full faith and credit clause of the federal constitution, Illinois enacted the Uniform Enforcement of Foreign Judgments Act (Act) (735 ILCS 5/12—650 *et seq.* (West 1996)). *Meyer v. First American Title Insurance Agency of Mohave, Inc.,* 285 Ill. App. 3d 330, 337 (1996); *Pavey Envelope & Tag Corp. v. Diamond Envelope Corp.,* 271 Ill. App. 3d 808, 811 (1995). The purpose of the Act is "to facilitate the enforcement of interstate judgments by providing a summary procedure through which a party in whose favor a judgment has

been rendered may enforce the judgment expeditiously in any jurisdiction where the judgment debtor is found." *Firstar Bank Milwaukee, NA v. Cole*, 287 Ill. App. 3d 381, 382-83 (1997) (and cases cited therein).

In accordance with the full faith and credit clause and the purpose of the Act, the enforcing court cannot address the merits of the foreign judgment because the principles of *res judicata* apply to the underlying judgment. " 'Under the doctrine of full faith and credit, the forum court will not rehear a case on its merits because the judgment is *res judicata.*' " *Firstar Bank Milwaukee*, 287 Ill. App. 3d at 383, quoting *All Seasons Industries, Inc. v. Gregory*, 174 Ill. App. 3d 700, 703 (1988). The principles of *res judicata* dictate that "the nature and amount of the judgment, together with all defenses that could have been raised in the original court, are foreclosed." *Firstar Bank Milwaukee*, 287 Ill. App. 3d at 383, citing *Falcon v. Faulkner*, 209 Ill. App. 3d 1, 13 (1991), and *Dawson v. Duncan*, 144 Ill. App. 3d 532, 537 (1986).

Two exceptions are recognized so that an enforcing court "may inquire into the defenses of [1] lack of jurisdiction in the foreign court or [2] fraud in the procurement of the judgment." *Firstar Bank Milwaukee*, 287 Ill. App. 3d at 383 (and cases cited therein). The exceptions are premised on the principle that a foreign judgment has no constitutional claim to full faith and credit where the defect (lack of jurisdiction or procurement by fraud) would render the judgment void. See *Sackett Enterprises*, 211 Ill. App. 3d at 1001 (and cases cited therein).

These two exceptions, however, are governed and restricted by the principles of *res judicata*. Where these issues were already determined in the rendering court, they cannot be considered by the enforcing court. *Firstar Bank Milwaukee*, 287 Ill. App. 3d at 383-84 (and cases cited therein) ("if the issue of jurisdiction has been litigated and decided in the foreign court, the registering court is compelled to accord full faith and credit to that ruling"). In *Firstar Bank Milwaukee*, this court held that the defendants "had their day in court with respect to jurisdiction" and "because defendants did not pursue their remedies in Wisconsin [the rendering state], they cannot now come to Illinois [the enforcing state] to relitigate the issue of jurisdiction." *Firstar Bank Milwaukee*, 287 Ill. App. 3d at 384.

Based on the instant record from the posttrial hearing in California, we find that the substantive issue raised by plaintiff regarding the identity of the judgment debtor already has been considered and conclusively fixed by the foreign court. Given the law applicable to the enforcement of a foreign judgment, we cannot reconsider the merits of the foreign court's decision.

The transcript of the December 16, 1991, California posttrial hearing involved two motions made by the Trustee, *i.e.*, a motion for a new trial (which was denied) and, most importantly, a motion to correct the text of the judgment to reflect that the Bank was sued as a trustee only and not in an individual capacity, which clearly would have exposed the Bank to direct personal liability.

During the argument at this hearing, plaintiff specifically stated "we are not quarreling with the fact that the Bank was sued as trustee because that's how they signed the purchase contract which gives rise to this lawsuit." Notwithstanding this acknowledgement, plaintiff continued by stating that the California substantive law in effect prior to July 1, 1987, was that "a trustee bears personal liability in contracts entered into for third parties." Plaintiff specifically opposed the Bank's motion to correct the judgment based on his concern over "enforcement of judgment" in Illinois and argued that "the detriment in enforcement warrants that the application be denied." Plaintiff further directed the court's attention to the same California cases on which he relies in the present appeal, *i.e.*, *Goldwater v. Oltman*, 210 Cal. 408, 292 P. 624 (1930), *Torrey Pines Bank v. Hoffman*, 231 Cal. App. 3d 308, 282 Cal. Rptr. 354 (1991), and *Zimmer Construction Co. v. White*, 8 Cal. App. 2d 672, 47 P.2d 1087 (1935).

The Bank argued that plaintiff "never sued the Bank correctly as an individual defendant. Only as trustee in its capacity. All I'm saying is that's the only capacity they're suing them in [and] it is the only judgment they should retain."

The California court stated:

"I don't think anybody thought you were going to go after the bank assets. I thought from the scenario that was presented in the circumstances involved that it was a trust account that you were going after and I, quite frankly, I'm kind of surprised to hear you're going out for the assets of the bank itself.

\* \* \*

I think if the Bank felt their total assets were being subject to liability, I think their position would have been totally different as to how they would have defended this lawsuit."

In arguably the most telling statement by plaintiff at this hearing, he asked the court to include language supporting his position for the very purpose of enforcing the judgment against the Bank's personal assets:

"I [plaintiff] understand the court's concerned [sic] about the designation of the Bank and its identification judgment. If the court is inclined to amend the body of the judgment to refer to Exchange National Bank as trustee of the Lincoln Krilich trust, I

would then ask for the court's permission to include a sentence with language along the lines of *and under California common law in effect at the time the contract was entered into the Bank's personal nondepository assets will stand to answer the judgment,* just so it is clear in the event we need to go to Illinois judicial officer, their reading the body of the judgment will know why, yes, we can proceed to enforce against the Bank's assets unless the court does not feel that's an accurate statement of California law, but based on my research that is quite accurate."

The California court took the question under advisement and did not rule at the hearing. Thereafter, the final order identified the Bank in its capacity as trustee only and did not include any language requested by plaintiff to enforce the judgment against the Bank's individual assets.

■ From the transcript of this hearing and the ultimate judgment entered by the California court, we cannot subscribe to plaintiff's argument that the change in the identification of the defendant Bank from "Exchange National Bank" to the Bank as trustee was merely "ministerial." Under the circumstances of the present case, we follow the California court's decision to fix the identity of the judgment debtor as the Bank as trustee only. Our decision remains the same regardless of whether plaintiff is correct about the California common law prior to 1987 because, as succinctly stated:

"If a judgment is valid in the state where it is rendered, it will be given full faith and credit in another state, *without inquiring* whether the domestic courts would or could have rendered such a judgment, whether such a judgment would have been valid under the local laws, or *whether the court rendering the judgment was right or wrong in the interpretation and application of the laws of its own state,* or even in its reading and application of the laws of the state where the judgment is brought in question." (Emphasis added.) 50 C.J.S. *Judgments* § 969, at 564 (1997).

Had the issue of the Bank's individual liability not been raised in the California court, we still probably would have held for the Bank for two additional reasons. First, as acknowledged by plaintiff at oral argument, what assets are available to a judgment creditor from a judgment debtor is governed by the procedural law of the enforcing state. Therefore, Illinois law would govern the property subject to levy in Illinois. For example, the exemptions from levy as fixed by the Illinois General Assembly would control even a properly entered foreign judgment. To be sure, if the California court had entered judgment against the Bank in its individual capacity, Illinois courts would have enforced such a judgment against the individual assets of the Bank, even though a trustee would not be similarly liable in Illinois. The col-

lection process, however, is a matter of concern for the enforcing state and plaintiff would have us go beyond the face of the judgment. See *Terra-Nova Investments v. Rosewell*, 235 Ill. App. 3d 330, 335 (1992) ("[a] person or entity cannot be bound by a judgment in a proceeding in which it was not a party"); 50 C.J.S. *Judgments* § 538, at 96 (1997) ("[p]ersons not parties are not affected by the judgment").

Second, we would find plaintiff's position problematic on due process grounds because plaintiff filed his action against the Bank as trustee only and, therefore, the Bank individually would never have been served process. Where the jurisdiction issue is properly before an Illinois court as the enforcing state, the Illinois court looks to the substantive law of the rendering state. "In determining jurisdiction, the foreign State's law, *as limited by due process*, controls." (Emphasis added.) *Pavey Envelope*, 271 Ill. App. 3d at 811; *Sackett*, 211 Ill. App. 3d 997 (the Illinois court relied on Indiana law to determine the jurisdictional issue where the judgment had been rendered in Indiana and registered in Illinois). However, since the validity of the California judgment is not contested, we need not consider the due process concerns raised here as to the Bank individually.

Under the facts of the present case, we find that the only judgment debtor available to plaintiff is the Bank as trustee. Accordingly, we affirm the trial court's order, granting the Bank's motion to quash the citations against the Bank.

Affirmed.

HARTMAN and THEIS, JJ., concur.