WALTER STROJNY *et al.*, Plaintiffs-Appellants, *v.* ORVILLE R. EGELAND *et al.*, Defendants-Appellees.

(No. 54795;

First District—March 26, 1971.

Stanley Stoller, of Chicago, for appellants.

Lawrence A. Drause, of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

The plaintiffs appeal from an order entered in a citation proceeding. The order merged two judgments entered on jury verdicts against defendants in a prior trial and denied plaintiffs relief under sec. 41 of the Civil Practice Act.

In 1962 the plaintiffs entered into a contract for the purchase of real estate. Pursuant to that contract Orville and Ester Egeland, the sellers and builders, warranted the labor and materials which would go into the construction of the house to be constructed on that real estate. After the plaintiffs entered into possession of the dwelling certain defects appeared. Plaintiffs brought an action in which the Egelands, J & R Cement Co., Inc. and A. Malthy were named as defendants. The complaint was later stricken as to the defendant A. Malthy. A jury trial was had and verdicts assessing damages on Count I against the Egelands in the sum of $4,125.00 and on Count II against J & R Cement Co., Inc. in the sum of $2,200.00 were returned. Judgments were entered in accordance with those verdicts. Before post-trial motions were made and disposed of, plaintiffs initiated citation proceedings in accord with Ill. Rev. Stat. 1969, ch. 110, par. 73. Subsequently but before the hearings on the citations were had Judge Roberts denied defendants' motions for a new trial and remittitur. At the same time he also denied plaintiffs' motion for a third judgment of $6,325.00 against Orville and Ester Egeland. No appeal was taken from the orders of Judge Roberts. At the conclusion of citation hearings Judge Egan found the smaller verdict of $2,200.00 merged into the larger verdict of $4,125.00 and entered an order in accord with that finding. Thereafter plaintiffs filed a petition to vacate that order which was denied. A memorandum filed by Judge Egan stated: "The pleadings and instructions led me to conclude that to permit two separate judgments would permit a double recovery for the same act of negligence." It is from that order this appeal is taken.

The plaintiffs contend that the judge in the citation proceedings should not have altered the judgments rendered by the trial court. We agree.

Section 73 of the Civil Practice Act (1969) at some length describes the supplementary proceedings initiated by plaintiff in this case.* The

---

* Section 73(1), the pertinent provision, reads:

A judgment creditor, or his successor in interest when that interest is made to appear of record, is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from execution, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment or decree. A supplementary proceeding shall be commenced by the service of a citation issued by the clerk. The procedure for conducting supplemental proceedings shall be prescribed by rules. It is not a prerequisite to the commencement of a supplementary proceeding that an execution has been returned wholly or partly unsatisfied.

remainder of the statute gives a judge conducting those proceedings no authority to merge judgments presented to him. The proceeding was simply to discover the assets and income of the judgment debtor and to compel the application of those funds toward the payment of the amount due. The title of this section indicates that it is strictly a supplementary proceeding and a reading of the section indicates its supplemental character.

■■■ It is well established law that where a court has jurisdiction of the parties and is competent to act in a given area of the law its judgment is conclusive between the litigants until reversed in a directed proceeding. Errors, however obvious, cannot be challenged in a collateral proceeding. (*People ex rel. Anderson v. Village of Bradley*, 367 Ill. 301, 305.) There is no controversy concerning the jurisdiction of the trial court over the parties. Nor is there a controversy over the trial court's power to act in the matter which was before it. Therefore, the only avenue open to attack the judgment entered by Judge Roberts was through direct proceeding for review. A citation proceeding is not such a direct proceeding. The matter before the court in the citation proceeding had a purpose independent of the proceeding in the trial court. The proceeding at trial was to determine the existence and extent of the liability of the defendants. The citation proceeding was instituted for the purpose of determining the assets and income of the judgment debtor and to order the application of those funds toward the judgment debt. Clearly the latter proceedings were collateral in that they contemplated some relief other than the relief sought at trial. (*Buford v. Chief, Park District Police*, 18 Ill.2d 265, 271; *People ex rel. Anderson v. Village of Bradley, supra.*) The order merging the two judgments was therefore improper and must be reversed.

■■ Plaintiffs have requested this Court to also reverse that portion of the order denying them relief under Section 41. However, their brief wholly fails to argue the point and we therefore consider it waived under Supreme Court Rule 341(e)(7).

The order merging the judgments is reversed.

Order reversed.

ENGLISH, P. J., and DRUCKER, J., concur.