TERRY REGAN *et al.*, Plaintiffs-Appellants, v. GARFIELD RIDGE TRUST AND SAVINGS BANK, as Trustee, *et al.*, Defendants-Appellees.

Second District   No. 2—92—0992

Opinion filed July 29, 1993.

William P. Ryan and Donald E. Schlyer, both of Schlyer & Associates, P.C., of Lemont, for appellants.

Anthony F. Mannina, of Wheaton, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs, Terry Regan and Dennis Egan, appeal the Du Page County circuit court's order quashing two separate citations to discover assets brought against the children of a judgment debtor. Plain-

tiffs assert that a judgment creditor may commence a citation proceeding against a third party based on a belief that the third party possesses property of the judgment debtor, that the debtor's children were proper subjects of asset discovery citations, and that the trial court erred in quashing the initial citations to discover assets. Plaintiffs also argue that citations filed in the circuit court of Cook County could not be quashed by a circuit court judge of Du Page County. We reverse and remand.

On March 6, 1986, plaintiffs entered into a valid and enforceable contract for the purchase of property from Carl Ivanelli, Sr.'s adult children, the beneficiaries of a land trust. Prior to closing, the beneficiaries (Jerry Ivanelli, Carl Ivanelli, Jr., James Ivanelli, Jeanine Ivanelli, and Janice Ivanelli) breached the contract by assigning their rights in the trust to their father, Carl Ivanelli, Sr.

Plaintiffs filed a three-count complaint against Carl Ivanelli, Sr., and his children alleging breach of contract, seeking specific performance, and seeking damages for tortious interference with the contract. Following a jury trial, plaintiffs were granted specific performance of the contract, and a $400,000 judgment was entered against Carl Ivanelli, Sr., for tortious interference with the contract.

On April 15, 1992, plaintiffs filed citations to discover assets of Jerry Ivanelli and Carl Ivanelli, Jr., for the purpose of discovering whether they had in their possession or control assets belonging to Carl Ivanelli, Sr. This citation was filed with the circuit court of Du Page County. Plaintiffs filed similar citations in the circuit court of Cook County against James and Janice Ivanelli. In addition, plaintiffs filed citations against Carl Ivanelli, Sr., and Garfield Ridge Trust and Savings Bank, but these citations are not the subject of the instant appeal.

Carl, James, Gerald, Janice and Jeanine subsequently filed a single motion to quash the citation to discover assets in the circuit court of Du Page County. This motion asserted: that they are not judgment debtors and cannot, therefore, be subject to the citation to discover assets; that no affidavit was filed demonstrating the belief that they held property or assets of the judgment debtor, Carl Ivanelli, Sr.; and that the citation was intended to harass and cause inconvenience.

James, Gerald, Carl, Jr., Janice, and Jeanine also filed a petition for injunctive relief or a temporary restraining order requesting that the circuit court of Du Page County restrain and enjoin plaintiffs from proceeding with the citations filed in the circuit court of Cook County, prevent plaintiffs from issuing citations to discover assets other than those belonging to the judgment debtor and grant defendants fees

and costs resulting from plaintiffs' bad-faith actions. Plaintiffs responded to defendants' motion and defended their asset discovery citations by asserting that they believed defendants possessed property of the judgment debtor.

The circuit court of Du Page County did not rule upon the defendant's petition for injunctive relief. However, the court did grant defendants' motion to quash the citation to discover assets of James, Janice, Jeanine, Gerald, and Carl, Jr., based upon plaintiffs' inability to specifically identify assets in the hands of the defendants' prior to the interrogation of defendants by plaintiffs. We disagree. We determine that a judgment creditor need not identify specific property, holdings or assets in order to begin supplementary proceedings to discover assets belonging to a judgment debtor which are held by a third party. Instead, a judgment creditor need only have a belief that the third party possesses such assets.

■ Section 2—1402 of the Code of Civil Procedure specifically entitles a judgment creditor to prosecute supplementary proceedings:

"[F]or the purposes of examining the judgment debtor or *any other person* to discover assets or income of the debtor not exempt from the enforcement of the judgment *** and of compelling the application of non-exempt *assets or income discovered* toward the payment of the amount due under the judgment." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1402(a).)

As emphasized above, it is apparent that, for purposes of an *initial* citation to discover assets, a judgment creditor need not specifically identify the assets or income sought. Instead, the language indicates that the supplementary proceedings can be used against *any person* to *discover* a judgment debtor's assets or income. Indeed, the joint committee comments following this section indicate that the section "is designed to provide a statutory foundation for an efficient and expeditious procedure *for discovery of assets* and income of the judgment debtor and compelling their application to payment of the judgment or decree." (Emphasis added.) Ill. Ann. Stat., ch. 110, par. 2—1402, Joint Committee Comments, at 862 (Smith-Hurd 1983); see also *Bank of Aspen v. Fox Cartage, Inc.* (1989), 126 Ill. 2d 307, 313; *O'Connell v. Pharmaco, Inc.* (1986), 143 Ill. App. 3d 1061.

■ Furthermore, Supreme Court Rule 277 dictates that a proceeding "may be against *** *any third party* the judgment creditor *believes* has property of or is indebted to the judgment debtor." (Emphasis added.) (134 Ill. 2d R. 277(a).) In the present case, plaintiffs' citation to discover assets was based upon the belief that the judg-

ment debtor's children possessed property of or were indebted to the judgment debtor. This belief was justified in light of the past financial interactions between the judgment debtor and his children, and, since these individuals can be categorized as "any third party," the citation against them was proper. Thus, contrary to the determination of the trial court, a "fishing expedition" for assets *is* permissible in the context of an initial proceeding to discover assets, if it is based on a belief that such assets are in the third party's possession. (See *Federal Loan Corp. v. Harris* (1974), 17 Ill. App. 3d 49, 50.) In light of the language of these cases interpreting and applying section 2—1402, we determine that specific assets need not be identified prior to the initiation of supplementary proceedings.

■ We next address plaintiffs' contention that the trial court committed error in quashing the citations to discover assets issued in the circuit court of Cook County against James and Janice Ivanelli.

According to Supreme Court Rule 277(d), a supplementary proceeding against a third party "must *** be commenced in a county *** in which the party against whom it is brought resides." (134 Ill. 2d R. 277(d).) Thus, plaintiffs were correct in bringing the citation to discover assets against James and Janice Ivanelli in the circuit court of Cook County because both Janice and James are residents of Cook County. The circuit court of Du Page County, resting its decision on principles of comity, determined that it could quash the citations which were filed in Cook County. We do not agree with this reasoning. Courts in one county should not attempt to control the decisions of courts in other counties by relying upon principles of comity. To allow such acts would be an abrogation of the clear mandate contained in Supreme Court Rule 277(d) and the law relative to venue. 134 Ill. 2d R. 277(d).

We determine that the trial court erred when it quashed plaintiff's citation to discover assets of Jerry Ivanelli and Carl Ivanelli in Du Page County, and the trial court erred when it quashed the citation against James and Janice Ivanelli, which was properly filed in Cook County.

Therefore, the order of the circuit court of Du Page County is reversed, and the cause is remanded to a different judge for further proceedings.

Reversed and remanded.

INGLIS, P.J., and GEIGER, J., concur.