2023 IL App (1st) 221441-U

No. 1-22-1441

Order filed September 20, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SAME CONDITION, LLC, an Illinois Limited Liability Company, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff and Counterdefendant-Appellant, | ) ) | |
| v. | ) ) | No. 19 L 5407 |
| CODAL, INC., an Illinois Corporation, | ) ) | |
| Defendant and Counterplaintiff-Appellee | ) ) | |
| | ) ) | Honorable Diane M. Shelley, |
| (Munish Kumar, a/k/a Munish Kumar Raizada, | ) ) | Thomas More Donnelly, and Patrick J. Heneghan, |
| Counterdefendant-Appellant). | ) | Judges presiding. |

JUSTICE R. VAN TINE delivered the judgment of the court.
Presiding Justice Reyes and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the circuit court's ruling that Munish Kumar is not a judgment debtor as to Codal, Inc.'s attorney fees and costs, and we affirm the court's order quashing

Codal's citations to discover assets alleging that Kumar is a judgment debtor. However, Codal may issue citations to discover assets to Kumar as a third party.

¶ 2    Codal, Inc. appeals from the circuit court's order quashing citations to discover assets that Codal issued to Same Condition, LLC, its president Munish Kumar, and Kumar's bank. Codal issued citations to discover assets because it had not received payment of $309,741.10 in attorney fees and costs that the circuit court awarded after Codal prevailed at summary judgment on its breach of contract claim against Same Condition. The citations claimed that Kumar was the judgment debtor with respect to attorney fees and costs. The circuit court found that Same Condition, not Kumar, is the judgment debtor, and quashed the citations on that basis. On appeal, Codal argues that the circuit court erred in finding that only Same Condition is the judgment debtor with respect to Codal's attorney fees and costs, and in quashing the citations on those grounds. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    This lawsuit arises out of a 2017 contract in which Same Condition hired Codal to develop a medical software application. Munish Kumar is Same Condition's president. According to Same Condition, Codal delivered the application approximately six months late and in a state that was inadequate for public release. Three months after that, Codal indicated that it needed at least 100 more hours of work to complete the application.

¶ 5    In 2019, Same Condition sued Codal for breach of contract, fraud, and unjust enrichment. Codal answered and alleged counterclaims for breach of contract, unjust enrichment, *quantum meruit*, defamation *per se*, defamation *per quod*, commercial disparagement, and violation of the Uniform Deceptive Trade Practices Act (815 ILCS 510/2(a)(8) (West 2018)). Codal's breach of

contract counterclaim alleged that Same Condition did not pay an invoice for $30,750. Codal's non-contract counterclaims were based on Kumar's disparaging online comments about Codal.

¶ 6 Codal moved for summary judgment on all claims and counterclaims. Same Condition and Kumar did not oppose the motion, and the Honorable Diane M. Shelley granted partial summary judgment for Codal on its counterclaims for breach of contract, defamation *per quod*, and commercial disparagement.[1] Judge Shelley awarded Codal "$30,750 in expectation damages plus applicable late fees for Same Condition's breach of contract," but awarded no damages on the defamation and disparagement claims because Codal presented no evidence of its damages as to those claims. In addition, Judge Shelley awarded Codal "attorneys' fees, expenses and costs incurred in this action pursuant to Section 10.2 of the [contract between the parties], in an amount to be proved through subsequent petitions to this Court."

¶ 7 Codal filed a petition seeking $311,247.25 in attorney fees and costs. In response, Kumar sent a letter to the court arguing that Codal should receive no attorney fees or costs. The Honorable Thomas More Donnelly "award[ed] Codal fees and costs totaling $309,741.10."

¶ 8 Same Condition and Kumar filed a motion to vacate or reconsider the summary judgment and attorney fees orders. In relevant part, they argued that the orders left open the possibility that Kumar could be personally liable on Codal's breach of contract claim against Same Condition. In response, Codal acknowledged that the circuit court "explicitly stated that it awarded damages to Codal for Same Condition's breach of contract," yet argued that "constru[ing] the Judgment Orders as awarding damages under any specific count is baseless and ignores the express findings of the

---

[1] We use the names of the three circuit court judges who presided over this case for clarity as to the procedural history and because they are relevant to our analysis of the standard of review.

court." Judge Donnelly found that "the court awarded expectation damages against Same Condition, LLC, not Kumar."

¶ 9    Codal then filed citations to discover assets addressed to Same Condition, Kumar, and Kumar's bank. The citations stated that "judgment against Munish Kumar was entered on January 24, 2022 in the Circuit Court of Cook County, Illinois in the amount of $309,741.10," and that the entire amount remained unsatisfied. Same Condition and Kumar filed an "Emergency Motion to Enjoin False Statements Codal Made to Illegally Confiscate Kumar's Assets." They argued that Codal's citations falsely claimed that Codal had a $309,741.10 judgment against him when, in fact, there was no money judgment against Kumar personally.

¶ 10    The Honorable Patrick J. Heneghan construed Same Condition and Kumar's motion as a motion to quash the citations to discover assets. Judge Heneghan found that neither Judge Shelley's summary judgment order nor Judge Donnelly's attorney fees and costs order contained a money judgment against Kumar. For that reason, Judge Heneghan quashed the citations to discover assets. However, Judge Heneghan explained that Codal could "serve a third-party citation against Mr. Kumar [to] see what the banking activity or financial relationship exists between the judgment debtor which is [Same Condition] *** and Mr. Kumar as one or more of the members of the LLC."

¶ 11    Codal timely appealed.

¶ 12                                                  II. ANALYSIS

¶ 13    On appeal, Codal argues that Judge Heneghan erred in finding that Kumar is not a judgment debtor with respect to Codal's attorney fees and costs and in quashing the citations to discover assets on that basis.

¶ 14    This appeal concerns proceedings under section 2-1402 of the Code of Civil Procedure (735 ILCS 5/2-1402 (West 2018)). Section 2-1402 allows a judgment creditor to initiate supplementary proceedings and issue "citations to discover assets for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor." 735 ILCS 5/2-1402(a) (West 2018). As part of section 2-1402 proceedings, a judgment creditor may discover assets belonging to the judgment debtor that a third party may have in its possession. *Door Properties, LLC v. Nahlawi*, 2020 IL App (1st) 173163, ¶ 26; see also Ill. S. Ct. R. 277(a) (eff. Oct. 1, 2021) (a section 2-1402 proceeding may be commenced against "any third party the judgment creditor believes has property of or is indebted to the judgment debtor").

¶ 15                              A. Jurisdiction

¶ 16    Same Condition and Kumar challenge our jurisdiction over this appeal.[2] Generally, this court has jurisdiction to review only final orders. *Richardson v. DiCiaula*, 2022 IL App (1st) 210513, ¶ 15. A final judgment is one that fixes the rights of the parties; it is final if it determines the litigation on the merits and, if affirmed, leaves only the execution of the judgment. *In re D.D.*, 212 Ill. 2d 410, 418 (2004). However, Supreme Court Rule 304(a) provides that the circuit court can cause an order that resolves some, but not all, claims to become appealable by entering an express finding that there is no just reason to delay enforcement or appeal. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). In addition, Rule 304(b) makes certain types of orders appealable even without a special finding pursuant to Rule 304(a). Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016). One of these types of orders is a final judgment or order entered in a proceeding to discover assets under section 2-

---

[2] However, they acknowledge that we "may possess jurisdiction under Rule 304(b)(4)" to review Judge Heneghan's decision to quash Codal's citations to discover assets. As explained below, we find that we do have jurisdiction pursuant to Supreme Court Rule 304(b)(4).

1402. Ill. S. Ct. R. 304(b)(4) (eff. Mar. 8, 2016). An order in section 2-1402 proceedings is final and appealable under Rule 304(b)(4) when it puts the citation petitioner in a position to collect against the judgment debtor, or when the citation petitioner has been ultimately foreclosed from collecting. *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 26.

¶ 17 The circuit court's order quashing Codal's citations to discover assets does not include Rule 304(a) language, so we must decide whether it is appealable under Rule 304(b)(4). We find that it is. The circuit court found that Codal cannot collect attorney fees and costs from Kumar because he is not a judgment debtor with respect to fees and costs. It follows that Codal can only collect attorney fees and costs from Same Condition, because Same Condition is the only remaining opposing party from whom Codal could collect. Judge Heneghan fixed Codal's collection rights as to both Same Condition and Kumar. That order was final in the context of citation proceedings, so we have jurisdiction to hear this appeal pursuant to Rule 304(b)(4). See *PNC Bank, N.A. v. Hoffmann*, 2015 IL App (2d) 141172, ¶ 25 (the dismissal of a citation to discover assets against a party is a final and appealable order because it ultimately forecloses the creditor from collecting from that party).

¶ 18 Same Condition and Kumar contend that Rule 304(b)(4) does not apply because section 2-1402 citation proceedings never began because Codal did not serve the citations to discover assets. See Ill. S. Ct. R. 277(b) (eff. Oct. 1, 2021) ("The supplementary proceeding shall be commenced by the service of a citation on the party against whom it is brought."). This argument has no merit. An email from Same Condition and Kumar's counsel confirms that he received the citations on the day that Codal filed them. The citations *were* served on Same Condition and Kumar. The record

reflects that the parties agreed that Codal would not serve citations on Kumar's bank until Same Condition and Kumar could challenge their propriety before the court. Moreover, Judge Heneghan treated Same Condition and Kumar's emergency motion as a motion to quash the citations to discover assets, which is a proceeding under section 2-1402. See, e.g., *First National Bank and Trust Co. in Gibson City v. Wissmiller*, 182 Ill. App. 3d 481, 483 (1989). The record does not support Same Condition and Kumar's claim that section 2-1402 proceedings never began. Accordingly, we find that we have jurisdiction to hear this appeal.

¶ 19                                    B. Citations to Discover Assets

¶ 20     Codal argues that Judge Heneghan erred in finding that Kumar is not a judgment debtor as to attorney fees and costs and in quashing the citations to discover assets on that basis. Specifically, Codal contends that Kumar is liable on the attorney fees judgment because he is a party to the contract between Same Condition and Codal and because he is indistinguishable from his company as a practical matter. In addition, Codal argues that Judge Donnelly's attorney fee and costs order did not distinguish between Same Condition and Kumar and that Judge Heneghan was without authority to "modify" that order to make it a judgment against Same Condition alone.

¶ 21                                    1. Standard of Review

¶ 22     The parties dispute the applicable standard of review. Codal argues for *de novo* review because whether Judge Heneghan properly quashed the citations is a question of law. Same Condition and Kumar contend that we should review the circuit court's interpretation of its own orders for an abuse of discretion.

¶ 23     On the one hand, this appeal challenges how Judge Heneghan interpreted Judge Shelley's summary judgment ruling and Judge Donnelly's orders on attorney fees and costs and the motion

to vacate or reconsider. Generally, we apply an abuse of discretion standard when reviewing a circuit court's interpretation of its own orders because a court "is in the best position to interpret its own orders." (Internal quotation marks omitted.) *Wilson v. Humana Hospital*, 399 Ill. App. 3d 751, 762 (2010); see also *Board of Trustees of Community College District Number 508 v. Rosewell*, 262 Ill. App. 3d 938, 965 (1992) ("Even if the orders are unclear on review, deference to the court's interpretation of its order is warranted."). However, Judge Heneghan was not necessarily in a better position to interpret Judge Shelley and Judge Donnelly's orders than we are, so we afford no deference to his interpretation of these orders. Moreover, this appeal challenges whether Judge Heneghan properly quashed Codal's citations to discover assets, a question of law that we review *de novo*. See *Downs v. Rosenthal*, 2013 IL App (1st) 121406, ¶ 19. Ultimately, we need not resolve the issue of which standard of review applies because we would affirm Judge Heneghan's ruling under either standard.

¶ 24                                2. Identity of the Judgment Debtor

¶ 25    Judge Heneghan's decision to quash Codal's citations to discover assets was based on his conclusion that Kumar is not a judgment debtor as to Codal's attorney fees and costs. To review that ruling, we must interpret the circuit court's orders resolving Codal's motion for summary judgment, Codal's fee petition, and Same Condition and Kumar's motion to vacate or reconsider. We interpret the circuit court's orders from the context in which they were entered, including the pleadings, motions, and issues before the court. *Williams ex rel. Beaton v. Ingalls Memorial Hospital*, 408 Ill. App. 3d 360, 372 (2011) (overruled on other grounds by *Wilson v. Edward Hospital*, 2012 IL 112898). We construe orders in a reasonable manner to give effect to the apparent intention of the circuit court. *Id.* at 372-73.

¶ 26 Judge Shelley's summary judgment ruling awarded Codal attorney fees and costs, but it did not specify whether that judgment was against Same Condition, Kumar, or both. Similarly, Judge Donnelly awarded Codal $309,741.10 in attorney fees and costs, but did not indicate which of the two counterdefendants that judgment was against. Judge Donnelly's order on the motion to vacate or reconsider only stated that Judge Shelley "awarded *** attorneys' fees, expenses, and costs," but did not indicate which counterdefendant was liable for those judgments. On their faces, these orders do not indicate who the judgment debtor is with respect to Codal's attorney fees and costs.

¶ 27 Next, we must consider the context surrounding these orders. See *Williams*, 408 Ill. App. 3d at 372. Judge Shelley's summary judgment order awarded attorney fees and costs to Codal based on section 10.2 of the parties' contract. That section provides that, "[i]n the event that Vendor is forced to pursue collections or legal action against Company for its non-payment, Vendor shall be entitled to recover its reasonable attorney's fees and costs." As to the identities of "Vendor" and "Company," the contract states that:

> "This Master Service Agreement ('Agreement') is made and entered into as of 06/24/2017 (the 'Effective Date'), by and between Munish [K]umar, a Chicago with [*sic*] its principal place of business at Same Condition ('Company'), and Codal Inc., an Illinois corporation with its principal place of business at 11 East Hubbard, Suite 600, Chicago, Illinois 60611 ('Vendor')."

This provision clearly identifies Codal as "Vendor." It appears to identify "Company" as Same Condition, although it is not clear whether Kumar is included in that description. However, other parts of the contract indicate that "Company" is Same Condition and Kumar is its president. For

example, the contract's statement of work identifies Codal as "Vendor" and Same Condition as "Company." Codal's chief operating officer (COO) signed the statement of work on behalf of "Vendor" and Kumar signed on behalf of "Company" as its president. The contract's notice provision also identifies Codal as "Vendor" and Same Condition as "Company."

¶ 28    What is decisive is that section 10.2 conditions Codal's entitlement to attorney fees and costs on pursuing "legal action against Company *for its non-payment*" (emphasis added.). That language describes Codal's breach of contract counterclaim against Same Condition for nonpayment of an invoice. The header of Codal's counterclaim stated: "COUNT I: BREACH OF CONTRACT (AGAINST SAME CONDITION)." The counterclaim alleged that "Same Condition failed to timely pay Codal for the amount set forth in the invoice," causing "damages of at least $30,750." The breach of contract counterclaim also alleged that "Codal is entitled to recover its attorney's fees and costs incurred in connection with this lawsuit pursuant to Section 10.2 of the Agreement," and identified "Company" as Same Condition. Furthermore, Judge Shelley's order awarded $30,750 in expectation damages to Codal "for Same Condition's breach of contract," and Judge Donnelly clarified that "the court awarded expectation damages against Same Condition, LLC, not Kumar." Given that Kumar was not a counterdefendant on the breach of contract counterclaim, and no damages were awarded against Kumar on the breach of contract counterclaim, it follows that Codal cannot recover from Kumar attorney fees and costs that are premised exclusively on Codal's success on its breach of contract counterclaim against Same Condition.

¶ 29    Codal first argues that Kumar is liable for judgments against Same Condition because he was a party to the contract and, by his own admission, he and his company are indistinguishable.

The fact that Kumar signed the contract does not make him personally liable for breach of contract or attorney fees. Kumar signed the contract as Same Condition's president, just as Codal's COO signed the contract on Codal's behalf. Company officers sign contracts on their companies' behalf because companies cannot sign documents themselves. That is why Illinois law recognizes that a limited liability company "is a legal entity separate and distinct from its members, which has its own legal rights and obligations." *Flores v. Westmont Engineering Co.*, 2021 IL App (1st) 190379, ¶ 29. We presume that Codal would not argue that its COO is personally liable on this contract simply because he signed it. The cases that Codal cites on this issue are distinguishable and do not support finding Kumar personally liable on this contract. See, *e.g.*, *84 Lumber Co. v. Denni Construction Co.*, 212 Ill. App. 3d 441, 443 (1991) (corporate officer who applied for a line of credit as the "applicant" was personally liable because the contract expressly provided that "applicant agrees that he will be personally responsible").

¶ 30     That said, we agree with Codal that the record supports a conclusion that Same Condition and Kumar's assets are intermingled. At his deposition, Kumar testified that Same Condition's cash assets were "[his] money" "from [his] pocket," that "[he was] the only person who constitute[d] Same Condition," and that "Munish Kumar is equal to Same Condition." The remedy for this situation, as Judge Heneghan explained, is for Codal to serve citations to discover assets upon Kumar as a third party, not as a judgment debtor. See *Regan v. Garfield Ridge Trust and Savings Bank*, 247 Ill. App. 3d 621, 623-24 (1993); Ill. S. Ct. R. 277(a) (eff. Oct. 1, 2021). Codal can use such citation proceedings to determine whether Kumar holds any of Same Condition's assets that could satisfy the attorney fees and costs judgment.

¶ 31 Next, Codal argues that the attorney fees order treated Same Condition and Kumar as inseparable by referring to them as "Counter-Defendants," and that Judge Heneghan lacked authority to "modify" that judgment by determining that it applied only to Same Condition. While the attorney fees order did describe Same Condition and Kumar as "Counter-Defendants" in the sense that they opposed Codal's fee petition, it did not enter a money judgment against "Counter-Defendants." Rather, Judge Donnelly "award[ed] Codal fees and costs totaling $309,741.10" without indicating which party that judgment was against.

¶ 32 Codal cites *Strojny v. Egeland*, 132 Ill. App. 2d 779 (1971), to argue that Judge Heneghan improperly modified the attorney fees and costs judgment during collateral proceedings. In *Strojny*, two judgments based on jury verdicts were entered in the plaintiff's favor, one for $4,125 and one for $2,200. *Strojny*, 132 Ill. App. 2d at 780. The judge who presided over citation proceedings merged the smaller judgment into the larger judgment, finding that two separate judgments would "permit a double recovery for the same act of negligence." *Id.* This court held that the merger of judgments in citations proceedings was improper because the judgments could only be altered on direct review. *Id.* at 780-81. *Strojny* is distinguishable because, in that case, the judge presiding over citation proceedings effectively extinguished the $2,200 judgment and reduced the plaintiff's recovery from $6,325 to $4,125. That did not occur in this case. Codal is still entitled to recover $309,741.10 in attorney fees and costs. In addition, this case does not involve a judge modifying a jury verdict, as *Strojny* did. This case involves a judge clarifying the somewhat ambiguous orders of prior judges, which *Strojny* does not prohibit. *Strojny* only prohibits "merg[ing] judgments" in citation proceedings. *Id.* at 781.

¶ 33    Similarly, Codal cites *Thorson v. LaSalle National Bank*, 303 Ill. App. 3d 711 (1999), to argue that a court presiding over collateral enforcement proceedings cannot modify a prior order that conclusively fixed the identity of the judgment debtor. That is not the factual scenario in the instant case. Judge Shelley and Judge Donnelly's prior orders did *not* clearly fix the identity of the judgment debtor as to fees and costs, which is why the parties sought clarification from Judge Heneghan. Moreover, *Thorson* involved the registration of a California judgment in Illinois and its holding was based on *res judicata* principles that do not apply in this case. *Thorson*, 303 Ill. App. 3d at 712-15. *Thorson* is factually different from this case is inapplicable to the case before us.

¶ 34    Codal notes that, in a prior appeal in this case, this court stated that the circuit court "required Same Condition and Kumar to pay Codal's attorney fees, expenses and costs pursuant to section 10.2 of their agreement." *Same Condition, LLC v. Codal, Inc.*, 2022 IL App (1st) 220687-U, ¶ 30. However, this court did not *hold* that Kumar was liable for Codal's attorney fees. This quote is from our summary of the procedural history in an appeal that challenged certain injunctions against Same Condition and Kumar. Codal does not explain what, if any, legal effect this excerpt from a prior appeal should have in this case. At most, this quote is persuasive authority as to how this court viewed the attorney fees order approximately a year ago, when the identity of the judgment debtor as to fees and costs was not at issue. See S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023) (an unpublished order issued under Rule 23(b) after January 1, 2021, may be cited for persuasive purposes). We are persuaded that Judge Heneghan's view of the attorney fees order is correct. Accordingly, we affirm Judge Heneghan's ruling that Kumar is not a judgment debtor with respect to Codal's attorney fees and costs and his decision to quash citations to discover assets that claimed

that Kumar is a judgment debtor. However, Codal may issue third-party citations to discover whether Kumar holds Same Condition's assets that could satisfy the attorney fees and costs judgment.

¶ 35                                    III. CONCLUSION

¶ 36    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 37    Affirmed.